UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>            Plaintiff,<br>    v.<br><br>JONATHAN FARBER,<br>AARIF JAMANI, and<br>BRIAN KEASBERRY,<br><br>            Defendants. | 24-CV-00273 (JGK) |

[PROPOSED] ORDER REGARDING
DISCOVERY BY DEFENDANT KEASBERRY

Pursuant to Fed. R. Civ. P. 37 and 72(a), and based on the facts set forth in Plaintiff's October 31, 2024 Letter to the Court (ECF No. 44), and those stated by both Plaintiff's counsel and Defendant Keasberry's counsel during the December 5, 2024 status conference, this Court finds:

According to Plaintiff,

1. Defendant Keasberry has failed to make disclosures required by Fed. R. Civ. P. 26(a), in violation of Fed. R. Civ. P. 26(a);

2. Defendant Keasberry has failed to answer interrogatories the Plaintiff served, in violation of Fed. R. Civ. P. 33; and

3. Defendant Keasberry has failed to produce documents demanded by Plaintiff's Request for Production, in violation of Fed. R. Civ. P. 34. ~~and~~,

4. ~~Defendant Keasberry has failed to appear for deposition, after receiving adequate notice and after the deposition date was agreed to by the parties, in violation of Fed. R. Civ. P. 34~~.

Accordingly, pursuant to Fed. R. Civ. P. 37,

**IT IS HEREBY ORDERED** that, within 10 days of the date of this Order, Defendant Keasberry:

a. Serve on every other party initial disclosures as required by Fed. R. Civ. P. 26(a), to the extent he has not already done so;

b. Serve on every other party his responses and objections to Plaintiff's First Set of Interrogatories, dated August 13, 2024;

c. Certify to Plaintiff in writing that each electronic device in his possession, custody, or control, that may contain documents responsive to Plaintiff's Request for Production of Documents, including, but not limited to, each device used by Defendant Keasberry during the relevant period described in the Complaint (September 2017 through October 2021), has been sent to an electronic discovery service provider to be searched, or that equivalent steps have been taken to secure and produce electronically stored information responsive to that Request for Production. ~~In that writing, Defendant Keasberry will provide Plaintiff with the date on which the electronic discovery service provider expects that the search(es) will be completed and the documents and communications ready for production~~. Defendant Keasberry will bear the costs of searching for and producing the electronically stored information (unless he avails himself of the SEC's offer to image and search his devices in-house).

d. Certify to Plaintiff in writing the steps taken or to be taken by Defendant Keasberry, his counsel, and/or an electronic discovery service provider to search each online or cloud-based account or service used by Defendant Keasberry during the relevant period described in the Complaint for documents or communications responsive to the Request for Production, ~~and the expected date that the results of those searches will be completed and ready for production~~.

2

**IT IS HEREBY FURTHER ORDERED** that Plaintiff and Defendant Keasberry will work together to develop adequate search terms or other search methods to locate documents responsive to Plaintiff's Request for Production of Documents. Plaintiff and Defendant Keasberry should confer no later than 5 days after the signing of this Order on those terms or methods.

**IT IS HEREBY FURTHER ORDERED**, that upon completion of the searches described in (c) and (d) above, Defendant Keasberry will promptly produce all documents and communications responsive to Plaintiff's Request for Production. Defendant Keasberry and his counsel may take a reasonable period following the searches to review the documents for privilege and responsiveness.

**IT IS HEREBY FURTHER ORDERED**, that ~~upon production of the documents and communications described above, Defendant Keasberry will provide to Plaintiff every date to the end of the discovery period when he would be unavailable to sit for deposition and the reason for that unavailability. Defendant Keasberry is ordered to attend his deposition on a date mutually agreed to by the parties~~. Defendant Keasberry shall confer in good faith with Plaintiff on mutually-agreeable dates for his deposition.

If Defendant Keasberry does not comply with the terms of this Order, by agreement of the parties and the order of this Court, Plaintiff may move for appropriate sanctions under Fed. R. Civ. P. 37 and 55 without the need for a pre-motion letter or pre-motion conference with the Court. As always, parties are required to comply with all applicable meet-and-confer requirements before filing a sanctions motion or motion to default.

The Clerk of Court is respectfully directed to close the motion pending at Docket Number 44.

**SO ORDERED:**

Dated:   New York, New York
        December 10, 2024

_____
The Honorable Gary Stein
United States Magistrate Judge