UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>                                 Plaintiff,<br><br>   v.<br><br>JONATHAN FARBER,<br>AARIF JAMANI, and<br>BRIAN KEASBERRY,<br><br>                              Defendants. | 24-CV-00273 (JGK) |

**DEFENDANT JONATHAN FARBER'S REPLY MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT**

# TABLE OF CONTENTS

TABLE OF CONTENTS..................................................................................................i

TABLE OF AUTHORITIES.............................................................................................ii

PRELIMINARY STATEMENT.......................................................................................1

ARGUMENT.....................................................................................................................1

    I.    THERE ARE NO GENUINE ISSUES OF MATERIAL FACT
          THAT CAN DEFEAT FARBER'S MOTION FOR
          PARTIAL SUMMARY JUDGMENT.....................................................1

        A. Conclusory allegations and subjective beliefs are insufficient evidence
           as a matter of law...............................................................................................1

        B. The SEC relies on declarations which provide no evidence
           that Farber was an affiliate of County Line ......................................................2

            1.   The Eric Dena Declaration...............................................................2

            2.   The Sean Flaherty Declaration.........................................................3

            3.   The Daniel Mendes Declaration.......................................................4

            4.   The Mark Albers Declaration...........................................................4

            5.   The Daniel Serruya Declaration.......................................................6

       C.  The SEC's Opposition cites no evidence that Farber
           was an affiliate of County Line..........................................................................6

CONCLUSION..................................................................................................................8

CERTIFICATE OF FORMATTING.................................................................................9

CERTIFICATE OF SERVICE.........................................................................................10

## TABLE OF AUTHORITIES

**Cases**

*Lujan v. National Wildlife Fed'n*, 497 U.S. 871, 888 (1990)............................................................2

*Ying Jing Gan v. City of New York*, 996 F.2d 522, 532 (2d Cir. 1993)............................................2

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).............................................................2

*Mitchell v. Toledo Hosp.*, 964 F.2d 577, 585 (6th Cir. 1992)............................................................2

**Statutes**

Securities Act of 1933, 15 U.S.C. § 77a-77aa....................................................................................1

**Rules and Regulations**

Fed. R. Civ. P. 56(c)(4).......................................................................................................................2

Fed. R. Civ. P. 56(c)(2) ...................................................................................................................3, 4

Securities and Exchange Commission Rule 144, 17 C.F.R. § 230.144(a)(1)................................1, 5

Securities and Exchange Commission Rule 144(a)(1), 17 C.F.R. § 230.144....................................5

Securities and Exchange Commission Rule 405, 17 C.F.R. § 230.405.............................................1

**SEC Administrative Decisions, No-Action Letters and Releases**

American-Standard, 1972 SEC No-Act. LexisNexis 3787 at *1........................................................5

**Other Authorities**

A.A. Sommer, Jr., *Who's "In Control"? — SEC*, 21 Bus. Law. 559, 568-69 (1966).........................5

**PRELIMINARY STATEMENT**

Plaintiff's Opposition to Defendant Jonathan Farber's Motion for Partial Summary Judgment ("Opposition") does nothing to defeat the arguments set forth in Farber's moving papers that partial summary judgment in favor Farber is warranted.[1]  Instead, plaintiff Securities and Exchange Commission ("SEC") relies on speculation and conjecture by submitting reams of documents that have no bearing or support any required indicia laid out in statute, case law or even SEC guidance as to the definition of "affiliate" under (i) SEC Rule 405, 17 CFR § 230.405, promulgated under the Securities Act of 1933, as amended (the "Securities Act") and (ii) SEC Rule 144(a)(1), 17 C.F.R. § 230.144(a)(1), promulgated under the Securities Act.

The SEC fails to raise any genuine issue of material fact because its Rule 56.1 Response to Defendant Farber's Statement of Undisputed Material Facts and Statement of Additional Material Facts ("56.1 Response") fails to contravene Farber's undisputed facts; instead it broadly interjects argument and commentary to Farber's assertions regarding him not being an affiliate of County Line Energy, Inc. ("County Line").  As such, all of the material facts set forth in Farber's Rule 56.1 Statement should be deemed admitted.  In addition, Plaintiff's 56.1 Response largely contains unsupported, argumentative characterizations that are not supported by the record.

In this reply, Farber will address the strongest evidence that the SEC has in support of its opposition, and explain why the SEC's lack of evidence in the record supports finding that Farber's Motion for Partial Summary Judgment should be granted.

**ARGUMENT**

**I.    THERE ARE NO GENUINE ISSUES OF MATERIAL FACT THAT CAN DEFEAT FARBER'S MOTION FOR PARTIAL SUMMARY JUDGMENT.**

---

[1] As a threshold issue, Farber objects to the admissibility of the SEC's Opposition (Dkt. 82), Response to Farber's Rule 56.1 Statement of Facts (Dkt. 83) and Declaration of Nita Klunder (Dkt. 84) on the basis that SEC counsel Nita Klunder, who signed such filings, was suspended from the practice of law in New York on November 17, 2022, by the Appellate Division, First Department (Case No. 2022-04014, Mot. No. 2022-03603), and has not been reinstated (see Exhibit A to Puzzo Declaration), despite swearing that she is in good standing with the New York bar in Dkt. 84.

1

A. **Conclusory allegations and subjective beliefs are insufficient evidence as a matter of law.**

"An affidavit or declaration used to support or oppose a motion must . . . set out facts that would be admissible in evidence." Fed. R. Civ. P. 56(c)(4). To be admissible to support or oppose a motion for summary judgment, declarations must also set out specific facts – not mere conclusory allegations. *Lujan v. National Wildlife Fed'n*, 497 U.S. 871, 888 (1990) (holding that the object of Rule 56 is not to replace conclusory averments in a pleading with conclusory allegations in an affidavit); *Ying Jing Gan v. City of New York*, 996 F.2d 522, 532 (2d Cir. 1993) (holding that the nonmoving party must produce evidence in the record and "may not rely simply on conclusory statements or on contentions that the affidavits supporting the motion are not credible."). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). Applying this standard to the motion before the Court merits granting Farber his Motion for Partial Summary Judgment.

B. **The SEC relies on declarations which provide no evidence that Farber was an affiliate of County Line.[2]**

A thorough review of the documents that the SEC relied upon to argue that Farber was an affiliate of County Line reveals that the SEC's key factual support is based on three declarants' "understanding" that Farber was a "partner" of Defendant Aarif Jamani. Plaintiff Opp. 4. This however, is insufficient to qualify as evidence to defeat a motion for summary judgment because "conclusory allegations and subjective beliefs ... are wholly insufficient evidence...." *Mitchell v. Toledo Hosp.*, 964 F.2d 577, 585 (6th Cir. 1992).

---

[2] Farber objects to the admissibility of the contents of the Dena Declaration, the Flaherty Declaration, the Mendes Declaration, and the Serruya Declaration as hearsay because they cannot be presented in a form that would be admissible as evidence under Fed. R. Civ. P. 56(c)(2).

### 1. The Eric Dena Declaration

The first declarant, Eric Dena ("Dena"), states that he served as CEO of County Line from Summer 2018 until late 2018.[3] Dena Decl. ¶ 1. Without reference to any facts or other evidence whatsoever, Dena states, "I understood that Haas and Andreula were communicating with Farber and his partners and passing along directions to me." Not only does Dena seem to recall hearing Farber's voice *once* on a speaker phone; he does not even declare that he speaks to Farber. Dena does not declare that he has even ever met Farber or what any "directions" were. Dena does not say who Farber's "partners" are or even a basis upon which he had a mere understanding or what he even means when he uses the term "partner." More significantly, Dena does not explain how Farber had any influence or control over management and policies of County Line, or that Farber controlled any shares of County Line stock. Dena's value as a witness for the SEC is so low, that the SEC did not even depose Dena. Dena's understanding, with no facts to support it, is a conclusory allegation and a subjective belief, and therefore, inadmissible as evidence under Fed. R. Civ. P. 56(c)(2).

### 2. The Sean Flaherty Declaration

The second declarant, Sean Flaherty ("Flaherty"), states, "Farber told me that he and [defendant] Aarif Jamani were partners." Flaherty Decl. ¶ 4. Flaherty makes no reference to any conversation, any date, any time, or any context, and if he cannot remember any such conversation, one would ask how reliable his statement is in the first place. Flaherty does not explain what he even means when he uses the term "partner," when Farber and Jamani were allegedly partners, how they were partners, or for what purpose they were allegedly partners. More significantly, Flaherty does not explain how Farber had any influence or control over management and policies

---

[3] Dena states that he did not resign from the board of directors of County Line until June 5, 2019. See Exhibit 1, Dena Decl.

3

of County Line, or that Farber even controlled any shares of County Line stock. Flaherty's value as a witness for the SEC is so low, that after nearly three years of investigation and litigation in this matter, the SEC did not even depose Flaherty. Flaherty's lack of any factual support for the contention that Farber is an affiliate of County Line makes Flaherty's Declaration insufficient and inadmissible as evidence under Fed. R. Civ. P. 56(c)(2).

### 3. The Daniel Mendes Declaration

The third Declarant, Daniel Mendes ("Mendes"), states, "Farber told me that he worked with Jamani and that they had started to do deals together." Mendes Decl. ¶ 5. Mendes does not state what he means when he says, "…they had started to do deals together." More significantly, Mendes does not explain how Farber had any influence or control over management and policies of County Line, or that Farber even controlled any shares of County Line stock. Mendes's value as a witness for the SEC is so low, that after nearly three years of investigation and litigation in this matter, the SEC did not even depose Mendes. Mendes's lack of any factual support for the contention that Farber is an affiliate of County Line makes Mendes's Declaration insufficient and inadmissible as evidence under Fed. R. Civ. P. 56(c)(2).

### 4. The Mark Albers Declaration

The fourth declarant, Mark Albers ("Albers"), an Enforcement Accountant at the SEC (Albers Decl. ¶ 1), states, "Also, between February 27, 2020, and May 22, 2020, Wexford, 0985358, and Jamani's broker FIFO sold approximately 5 million shares of County Line stock which was almost 7% of County Line's total outstanding shares." Albers Decl. ¶ 16. The SEC, by way of the Albers Declaration, does not even identify how many shares it believes were controlled by Wexford, and does even declare that Farber held any shares of County Line at all. For all one may know, Wexford (not even Farber) may have controlled only 1% or less of the

4

outstanding shares at any point in time between February 27, 2020, and May 22, 2020. Instead the SEC, though Albers's Declaration, amalgamates all shares held by Wexford, 0985358 and Jamani's broker FIFO over a period of time, implying that all of them should be attributed to Farber at one given point in time. Albers Decl. ¶ 16. But even ascribing all of such shares to Farber at any one point in time, without any basis to do so, would mean that Farber does not even come close to the 10% outstanding shares threshold test for determining when one should evaluate other indicia of control as to how a 10% or stockholder might be an affiliate.[4] The SEC effectively admits that Farber could never have controlled more than 7% of County Line's outstanding shares at any given time. What can be deduced from the Albers Declaration is that the very fact that the SEC does not even state how many shares or what percentage of outstanding shares[5] Farber purportedly controlled, the SEC has no evidence to show that Farber controlled that number of shares of County Line stock which would even merit a discussion of whether Farber controlled anywhere near the significant benchmark of 10% of *outstanding* number of shares of County Line

---

[4] Although there is no statute or case law that states that ownership of 10% or more of the voting stock of a corporation to be the equivalent of "control," commentators have noted that 10% ownership "has become something of a benchmark and when this is encountered a red warning flag should run up." Sommer, Jr., *Who's "In Control"? — SEC*, 21 Bus. Law. 559, 568-569 (1966). The SEC has stated that "a person's status as an officer, director, or owner of 10% of the voting securities of a company is not necessarily determinative of whether such person is a control person or member of a controlling group of persons," but instead just one factor to be considered. American-Standard, 1972 SEC No-Act. 387, at *1 (October 11, 1972).

[5] The Albers Declaration makes reference to "a significant percentage", "unrestricted" and "available for trading" shares of County Line (Albers Decl. ¶ 6). Such terms are, of course, irrelevant for the purpose of determining the "outstanding" number of shares of common stock and determining "affiliate" status, or the availability of the Securities Act Rule 144 safe harbor from deemed an underwriter under Rule 144 to resell restricted securities.

5

stock where a discussion of affiliate status would begin. The fact that the Albers's Declaration does not even state how many shares of County Line or what percentage of shares of County Line were ever held by Farber renders Albers's Declaration as evidence, actually in support of Farber, that the SEC has even established that Farber never even came close to holding 10% of outstanding County Line shares.

### 5. The Daniel Serruya Declaration

The fifth declarant, Daniel Serruya ("Serruya"), states, "Jamani approached me to ask if I would be the officer and director of County Line Energy, Inc." Serruya Decl. ¶ 1. "It appeared that the authority to choose me as the next officer and director was Farber and Jamani's. Jamani took a lead role, but my understanding was that Farber was directing this activity as well." Serruya Decl. ¶ 4. Serruya does not explain what his "understanding" was based on. He cites no facts upon which to base his "understanding," much less how anything "appeared" to him. More significantly, Serruya does not explain how Farber had any influence or control over management and policies of County Line, or that Farber controlled any shares of County Line stock. Serruya's value as a witness for the SEC is so low, that after nearly three years of investigation and litigation in this matter, the SEC did not even depose Serruya. Serruya's "understanding," with no facts to support it, is a conclusory allegation and a subjective belief which makes the Serruya Declaration insufficient and inadmissible as evidence under Fed. R. Civ. P. 56(c)(4).

### C. The SEC's Opposition cites no evidence that Farber was an affiliate of County Line.

As with the Declarations upon which the SEC rely, the SEC itself makes conclusory allegations without factual support. The key sentence upon which the SEC relies to argue that Farber was an affiliate of County Line states, "[t]hough Farber denies partnering with Jamani, Def. SOF ¶ 26, several business associates and his close friend and roommate of decades

contemporaneously understood Farber and Jamani to be partners, SOF ¶ 45." Plaintiff's Opposition 4. Plaintiff's SOF ¶ 45, in turn lists (1) the Serruya Declaration, (2) the Flaherty Declaration, (3) the Dena Declaration, and (4) the Deposition of Anne Flocco, who referred to "partners" of Farber in a communication with a third party.

What the SEC does not state, however, is that Flocco explained in her deposition that by using the term "partner" she means, "[w]ell, I'm – when I'm saying – as I'm explaining, using the partners word was really more a figure of speech." Flocco Dep. Tr. 77:4-6. When the SEC pressed Flocco to explain what Flocco meant by "partners (Flocco Dep. Tr. 79:4-6), Flocco again explained, "… as I said, it was more of a figure of speech. But I was really differentiating again between who I was kind of grouping as like family and I – it is a mischaracterization because I have no knowledge to actually say that they are partners." Flocco Dep. Tr. 79:9-14. None of the deponents cited by the SEC, to wit, Serruya, Flaherty, Dena, and Mendes, or the deposition testimony of Flocco, can reference any facts which indicate that Farber is an affiliate of County Line.

The key argument the SEC relies upon to state that Farber and Jamani were partners is that "Farber and Jamani seemed to have run an open line of credit between them." Plaintiff's Opposition 4. Common sense says that the fact that Farber and Jamani loan money to each other does not mean that they are partners. In its Opposition, the SEC has failed to explain how loaning money to each other means that Farber and Jamani are "partners" or translates to control of County Line.

The SEC even states, "…Farber himself was a key decision maker at County Line," (Plaintiff's Opposition 6) but fails to identify any facts in the record which link to a decision of County Line in which Farber participated. In fact, the SEC has never even taken the deposition of

7

any officer or director of County Line during the Relevant Period, except County Line's outside accountant, Lowell Holden ("Holden") (Plaintiff's Opposition 4), and the SEC cited no facts that Holden and Farber ever even talked with each other, or that Holden even knows who Farber is. The SEC, through the Albers Declaration, fails to establish that Farber ever controlled that number of shares of County Line to even approach the affiliate threshold amount of control of 10% of outstanding shares when other indicia of control should be examined to determine affiliate status. Common sense says that if the officers and directors of an issuer, such as County Line, are never even asked in a deposition about the affiliate status that the SEC purports Farber to have in County Line, the SEC cannot ever expect to establish at trial that Farber was an affiliate when there is no direct testimony about his purported control and influence in County Line.

The balance of the information that the SEC has submitted in support of its Opposition has nothing to do with Farber whatsoever. At best, the SEC makes reference to various to third parties and ascribes those persons' actions to Farber without explaining how the actions of such third parties are connected to Farber in the first place. Furthermore, the SEC does not establish any connection with defendants Jamani or Keasberry to County Line by control of percentage of *outstanding* shares, officer or director status, or influence over policies and management of County Line, to show that they controlled and were affiliates of County Line.

## CONCLUSION

For the reasons set forth herein and in Farber's principal brief, the Court should grant partial summary judgment in favor of Farber.

Dated:  July 30, 2025                    Respectfully submitted,

                                                     *s/   Thomas E. Puzzo*
Thomas E. Puzzo*
Law Offices of Thomas E. Puzzo, PLLC
3823 44th Ave. NE

Seattle, Washington 98105
Telephone: (206) 522-2256
Email: tpuzzo@puzzolaw.com

*Counsel for Defendant Jonathan Farber*
*Admitted pro hac vice

## CERTIFICATE OF FORMATTING

I hereby certify that the number of words in the foregoing Memorandum of Law complies with the formatting rules of Rule II.D of the Individual Practices of Judge John G. Koeltl (dated February 14, 2025).

Dated: July 30, 2025

By:     *s/ Thomas E. Puzzo*
            Thomas E. Puzzo
            *Counsel for Defendant Jonathan Farber*

## CERTIFICATE OF SERVICE

      I hereby certify that on July 30, 2025, a true and correct copy of the above and foregoing was served in compliance with the Federal Rules of Civil Procedure upon the following by ECF:

| | |
|---|---|
| Nita Klunder | J. Robert Smith |
| Marc Jones | Silver State Law, LLC |
| Alfred Day | 61 Continental Drive |
| Securities and Exchange Commission | Reno, Nevada 89509 |
| Boston Regional Office | |
| 33 Arch Street, 24th Floor | |
| Boston, MA 02110 | |

Jon Uretsky
Anna Adelstein
PULLP
111 Broadway, 8th Floor
New York, New York 10006

                                            *s/   Thomas E. Puzzo*
                                            Thomas E. Puzzo