

UNITED STATES
**SECURITIES AND EXCHANGE COMMISSION**
33 ARCH STREET, 24TH FLOOR
BOSTON, MA 02110-1424

**BOSTON
REGIONAL OFFICE**

August 1, 2025

**BY ECF**

Honorable John G. Koeltl
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

RE:    *Securities and Exchange Commission v. Farber, et al.*, **1:24-cv-00273-JGK**

Dear Judge Koeltl:

Plaintiff Securities and Exchange Commission (the "Commission") writes in response to the Defendant Farber's Reply Memorandum of Law in Support of Motion for Partial Summary Judgment, ECF No. 90, and the Declaration of Thomas Puzzo, ECF No. 90-1. Both filings raise the suspended New York bar license of Commission attorney Nita Klunder and seek relief. On July 30, the other Commission counsel on this matter learned for the first time that Attorney Nita Klunder's New York State bar license was suspended in 2022 for failure to register and pay related registration fees. *See* Exhibit A (Nov. 17, 2022 omnibus order captioned "In the Matter of Attorneys Who Are In Violation of Judiciary Law Section 468-1 For Failing to Register – Whose Last Names Begin with A Through Z"). Ms. Klunder has recently filed a motion for reinstatement. At all times relevant to this civil action, Ms. Klunder has been licensed to practice law in the Commonwealth of Massachusetts, where she has been admitted to the bar since 2013 and has been in good standing since then.

Given her suspension, Ms. Klunder's statement in her Declaration filed in support of the Commission's opposition to the defendant's summary judgment motion that she was "a member of the bar of the State of New York and the United States District Court for the Southern District of New York" is inaccurate. The Commission regrets the inaccuracy and apologizes both to the Court and the litigants for any inconvenience it has caused. The Commission is not aware of any material inaccuracies in the remaining portions of the summary judgment opposition papers.[1] The Commission also acknowledges the notice requirements of Local Rule 1.5(h), and regrets that the Court was not previously notified of Ms. Klunder's suspension under that rule. The Commission intends to make a similar disclosure in at least one other S.D.N.Y. case, *SEC v. Zhabilov*, 24-cv-007362-ALC, and potentially other cases.

[1] In Exhibit 2 to Ms. Klunder's declaration, page 65 of the transcript of defendant Farber's deposition was inadvertently omitted. In addition, Exhibit 72 to Ms. Klunder's declaration was inadvertently dated September 29, 2020. The correct date is July 29, 2020. The Commission will correct these immaterial and inadvertent errors in its renewed filings.

The Commission will file a motion to withdraw Ms. Klunder as counsel, and other Commission counsel will handle this case going forward.  The court granted my motion to appear *pro hac vice* (ECF No. 51, Dec. 9, 2024) as well as Marc Jones's motion to appear *pro hac vice* (ECF No. 22, Mar. 27, 2024).

Defendant Farber's objection to the admissibility of the Commission's summary judgement opposition papers based on Ms. Klunder's New York State bar status is not warranted.  Mr. Day and I both appear on the opposition to summary judgment papers and Defendant Farber has experienced no prejudice from Ms. Klunder's signature on the papers.  As the purpose of the original declaration was to indicate that the exhibits referenced in the Commission's response to Farber's Rule 56.1 Statement were true and accurate copies (which remains the case), Defendant Farber suffered no harm from the inaccurate representation.  Nevertheless, undersigned counsel will refile the Commission's opposition to Farber's motion for summary judgment and related papers with his own declaration and signature.

Respectfully submitted,

*s/ Alfred Day*
Alfred Day
Counsel for Securities and Exchange Commission
daya@sec.gov
617-573-4537

cc:    Defendants by ECF

2