

# Supreme Court of the State of New York
# Appellate Division, First Judicial Department

Dianne T. Renwick, J.P.,
Judith J. Gische
Barbara R. Kapnick
Angela M. Mazzarelli
Jeffrey K. Oing, JJ.

Motion No. 2022-03603
Case No. 2022-04014

In the Matter of Attorneys Who Are
In Violation of Judiciary Law
Section 468-a For Failing to Register – Whose
Last Names Begin with A Through Z:

Attorney Grievance Committee
For the First Judicial Department,
        Petitioner,

Attorneys In Violation of
Judiciary Law Section 468-a
        Respondents.

Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department.

*Appearances:*

    Jorge Dopico, Chief Attorney, Attorney Grievance Committee, New York, for petitioner.

    No appearances for respondents.

Motion No. 2022-03603 - November 14, 2022

**IN THE MATTER OF ATTORNEYS IN VIOLATION OF JUDICIARY LAW SECTION 468-A FOR FAILING TO REGISTER – WHOSE LAST NAMES BEGIN WITH A THROUGH Z**

PER CURIAM

  Section 468-a of the Judiciary Law requires every resident and nonresident attorney admitted to practice in the State of New York to file a biennial registration statement with the administrative office of the courts. A biennial registration fee must be paid, if applicable, at the time the statement is filed. This registration statement, which is mailed every two years by the Office of Court Administration to every attorney so admitted, must be timely filed and any applicable fees paid regardless of whether the attorney is actually engaged in the practice of law in New York or elsewhere. Attorneys who certify to the Chief Administrator of the Courts that they have retired from the practice of law are exempt from paying the registration fee at the time the statement is filed. Subdivision (5) of the statute provides further that "[n]oncompliance by an attorney with the provisions of this section and the rules promulgated hereunder shall constitute conduct prejudicial to the administration of justice and shall be referred to the appropriate appellate division of the supreme court for disciplinary action."

  Pursuant to this provision, petitioner Attorney Grievance Committee seeks an order suspending from the practice of law certain attorneys (whose last name begins with the letters A through Z) who are in violation of the statute, in that they have failed to file the registration statement and pay any applicable registration fees for one or more registration periods after due purported notification. This Court has previously held that failure to register or re-register, and pay the applicable biennial registration fee constitutes professional misconduct warranting discipline (*see Matter of Morgado*, 159

AD3d 50 [1st Dept 2018]). Since 1997 this Court has granted similar motions and suspended attorneys en masse for such failure to register or re-register, and pay any applicable registration fee pursuant to Judiciary Law § 468-a (*see Matter of Attorneys in Violation of Judiciary Law § 468-a*, 183 AD3d 67 [1st Dept 2020]).

  The attorneys in question have been duly notified of their noncompliance and given an opportunity to cure their default. The Office of Court Administration mailed or emailed each of the defaulting attorneys a biennial registration form to their last known home address, a second notice to their last known business address and, when necessary, a final notice to their home address. Attorneys who remained in default following these notices were referred to the Grievance Committee. On August 1, 2022, this Court published notice in the New York Law Journal that the Grievance Committee would institute an omnibus disciplinary proceeding seeking immediate suspension from the practice of law against those attorneys who did not cure their default by September 2, 2022. Thereafter, a list of approximately 3,250 attorneys who failed to submit satisfactory proof of registration and payment of applicable fees was forwarded to the Committee, which filed a motion for service by publication of the notice of petition to suspend.

  Pursuant to the order of this Court entered September 8, 2022, which authorized service of the notice of petition to suspend by publication in the New York Law Journal for five consecutive days, a list of the defaulting attorneys along with their last known business addresses, was so published commencing September 19, 2022. A notice was also posted on the websites of this Court and the New York Law Journal. The order further provided that attorneys on the default list may submit proof from the Office of Court Administration that they are in compliance with all the registration requirements

(including payment of any applicable registration fees), within thirty (30) days of the last date the notice appeared in the New York Law Journal, or they would be subject to a further order of the Court immediately suspending them from the practice of law in the State of New York.

The attorneys who remain in noncompliance with Judiciary Law § 468-a despite the notification process described above are the subject of the Grievance Committee's instant motion to suspend. No opposition has been filed.

Accordingly, due to the continued failure to comply with the statute, petitioner's motion to suspend such attorneys shall be granted to the extent of suspending those attorneys whose names are enumerated in the suspension list found on this Court's website from the practice of law in the State of New York, effective immediately.

All concur.

Orders filed.   November 17, 2022